## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT GEE, DYLAN GRUBB,   :
DARL HOFFMAN, and ERIC   :
RITTENHOUSE,  individually and   :
on behalf of all other similarly   :
situated individuals,   :
   :
         Plaintiffs,   :
   :
   v.   :   No.
   :
PORT PIZZA, LLC d/b/a   :
DOMINO'S PIZZA and  SHELDON :
PORT,   :
   :
         Defendants.   :
_____ :

## <u>COMPLAINT</u>

Plaintiffs Robert Gee, Dylan Grubb, Darl Hoffman, and Eric Rittenhouse, individually and on behalf of all other similarly situated individuals, by and through the undersigned counsel, respectfully bring this action against Defendants Port Pizza, LLC d/b/a Domino's Pizza and Sheldon Port for the return of unpaid wages and related relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Pennsylvania Minimum Wage Act ("Minimum Wage Act"), 43 P.S. §§ 333.101 to 333.115, and the Pennsylvania Wage Payment and Collection Law ("Wage Payment and Collection Law"), 43 P.S. §§ 260.1 to 260.45. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C.

§ 216(b). Plaintiffs' Minimum Wage Act and Wage Payment and Collection Law claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. In support of their Complaint, Plaintiffs allege as follows:

**PARTIES**

1.     Plaintiff Robert Gee is an adult resident of the Commonwealth of Pennsylvania who was formerly employed as a delivery driver at Defendants' Bellefonte, Pennsylvania, restaurant.

2.     Plaintiff Dylan Grubb is an adult resident of the Commonwealth of Pennsylvania who was employed as a delivery driver at Defendants' Bellefonte, Pennsylvania, restaurant.

3.     Plaintiff Darl Hoffman is an adult resident of the Commonwealth of Pennsylvania who is currently employed as a delivery driver and shift runner at Defendants' Bellefonte, Pennsylvania, restaurant.

4.     Plaintiff Eric Rittenhouse is an adult resident of the Commonwealth of Pennsylvania who is currently employed as a delivery driver at Defendants' Bellefonte, Pennsylvania, restaurant.

5.     Defendant Port Pizza, LLC, which does business as "Domino's Pizza," is a Pennsylvania limited liability company with a registered business address of 1301 Moore Street, Huntingdon, Pennsylvania, 16652.

6.     Upon information and belief, Defendant Sheldon Port is an adult individual and resident of the state of Missouri.

7.     Upon information and belief, Defendant Sheldon Port is the sole member of Defendant Port Pizza, LLC.

8.     Defendants own and operate approximately ten Domino's Pizza locations in the Commonwealth of Pennsylvania, including the Bellefonte, Pennsylvania, location.

## JURISDICTION AND VENUE

9.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter involves federal questions.

10.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because, *inter alia*, a substantial part of the events and/or omissions giving rise to this claim occurred within the territorial bounds of the Court.

## FACTUAL BACKGROUND

### I. Defendants' Unlawful Tip Pooling Practices

11.     In this collective and class action lawsuit, Plaintiffs, on behalf of themselves and all other similarly situated individuals, seek the return of wages that were taken from them pursuant to an illegitimate, unlawful, and unapproved "tip pool" during the course of their duties as employees of Defendants.

12.    Employers may direct employees to share tips under authorized "tip pools." 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

13.    However, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m); *see also* 29 C.F.R. § 531.52 ("Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.").

14.    Defendants' in-store employees, including delivery drivers working in-store while not performing deliveries, received tips from Defendants' non-delivery, "take-out" or "eat-in" customers.

15.    Defendants required all in-store employees, including delivery drivers working in-store while not out performing deliveries, to participate in Defendants' mandatory and illegal tip-pooling.

16.    Defendants unlawfully deducted money from the tip pool to balance the cash drawer if the drawer was short at the end of the night.

17.    The money that remained in the tip pool at the end of each night after balancing the cash drawer, if any, was placed in Defendants' safe.

18.    If, at the end of the night, there was not enough money in that day's tip pool to balance the cash drawer, Defendants deducted money from previous nights' tip pools being stored in Defendants' safe to balance the drawer.

19.    Defendants consistently failed to distribute the remaining balance of the tip pool, if any, to employees during the pay period in which the tips were received.

20.    To facilitate this unlawful policy, Plaintiffs and other similarly situated individuals were told by Defendants and/or Defendants' management staff during training that the distribution of in-store tips was discretionary and Plaintiffs and other similarly situated individuals were not entitled to the tips.

21.    On the rare occasions when tips were distributed, Defendants' managers took a portion of the tips.

22.    Moreover, Defendants' delivery drivers working in-store while not out performing deliveries did not receive distributions from the tip pool.

23.    The unlawful tip pool was enacted so that Defendants were reimbursed for cash drawer shortages at the expense of Defendants' employees.

24.    For the foregoing reasons, Defendants have unlawfully retained the wages of Plaintiffs and all other similarly situated individuals.

## II. Defendants' Failure to Pay Minimum Wage

25.    Plaintiffs, on behalf of themselves and all other similarly situated individuals, also seek the payment of minimum wage, as their net earnings after accounting for vehicle-related expenses fail to rise to the statutory minimum wage.

26.    Employers must satisfy their minimum wage obligations "free and clear." 29 C.F.R. § 531.35.

27.    Minimum wage requirements "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the 'kick-back' is made in cash or in other than cash." *Id.*

28.    Despite the foregoing obligations to avoid wage kick-backs, Defendants unlawfully required employees to fully reimburse their employees for required vehicle expenses, which brought delivery drivers' pay below minimum wage.

29.    For the foregoing reasons, Defendants have unlawfully retained the wages of Plaintiffs and all other similarly situated individuals.

## III. Defendants' Unlawful Retention of Employees' Tips

30.    The Wage Payment and Collection Law requires employers to pay their employees on the posted pay days.

31.     By unlawfully retaining a portion of Plaintiffs and all other similarly situated employees' pay, Defendants have violated the Wage Payment and Collection Law.

### IV. Failure to Properly Post FLSA and Minimum Wage Act Notices

32.     The FLSA requires employers to "post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. 516.4.

33.     Similarly, the Minimum Wage Act requires employers to "keep a summary of this act and any regulations issued thereunder applicable to him or her, posted in a conspicuous place where employees normally pass and can read it." 43 P.S. §333.108.

34.     At their Bellefonte, Pennsylvania, location, the applicable notices are improperly posted in the manager's office behind a closet.

35.     Accordingly, Defendants failed to post the applicable notices in a conspicuous place where employees normally pass and can be read and readily observed in violation of the FLSA, Minimum Wage Act, and related statutes.

## V. Collective Action Allegations

36.    Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all eligible who were employed by Defendants within the last three years ("Collective Plaintiffs").

37.    Plaintiffs' claims are typical of the claims of Collective Plaintiffs, because Plaintiffs, like all Collective Plaintiffs, were Defendants' employees whom Defendants directed to participate in the aforementioned, unlawful tip pool.

38.    Plaintiffs will fairly and adequately protect the interests of all Collective Plaintiffs, because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Collective Plaintiffs.

39.    No difficulties are likely to be encountered with the management of this collective action that would preclude its maintenance as such.

40.    Similarly situated individuals are known to Defendants, are readily identifiable by Defendants, and can be easily located through Defendants' records.

41.    Plaintiffs do not know the exact number of Collective Plaintiffs, as such information is in Defendants' control, but Plaintiffs believe the number of Collective Plaintiffs exceeds thirty.

42.    Questions of law and fact are common to the members of this collective action and predominate over questions that affect only individual members of the collective action; those common questions of law and fact include,

but are not necessarily limited to, whether Defendants engaged in a tip pool that violates the FLSA and associated regulations, how much money Defendants unlawfully retained through the aforementioned tip pool, and how much money Plaintiffs and Collective Plaintiffs are entitled to receive from Defendants.

43.     For the foregoing reasons, Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees who are similarly situated, pursuant to the "opt-in" provisions of the FLSA.

## VI.  Class Action Allegations

44.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring their claims for relief on behalf of themselves and those similarly situated.

45.     Specifically, Plaintiffs bring this action on behalf of all eligible employees who were employed by Defendants within the last three years ("Class Plaintiffs").

46.     The class is so numerous that the joinder of all Class Plaintiffs is impracticable.

47.     Plaintiffs do not know the exact number of Class Plaintiffs, as such information is in Defendants' control, but Plaintiffs believe the number of Class Plaintiffs exceeds thirty.

48.     Plaintiffs' claims are typical of the claims of the putative class members, because Plaintiffs, like all Class Plaintiffs, were Defendants' employees whom Defendants directed to participate in the aforementioned, unlawful tip pool.

49.     Plaintiffs will fairly and adequately protect the interests of all Class Plaintiffs, because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Class Plaintiffs.

50.     No difficulties are likely to be encountered with the management of this class action that would preclude its maintenance as such.

51.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as such treatment will allow all similarly situated individuals to pursue their common claims in a single forum simultaneously, while prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants, and the amount at stake of individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

52.     Questions of law and fact are common to the members of this class action and predominate over questions that affect only individual members of the class action; those common questions of law and fact include, but are not

necessarily limited to, whether Defendants engaged in a tip pool that violates the Minimum Wage Act and associated regulations, how much money Defendants unlawfully retained through the aforementioned tip pool, and how much money Plaintiffs and Class Plaintiffs are entitled to receive from Defendants.

53.     For the foregoing reasons, Plaintiffs should be permitted to bring this action as a class action for and on behalf of themselves and those employees who are similarly situated, pursuant to Federal Rule of Civil Procedure 23.

## COUNT ONE:
## COLLECTIVE FAIR LABOR STANDARDS ACT VIOLATIONS

54.     The allegations set forth in paragraphs one through fifty-three are hereby incorporated by reference as if set forth fully herein.

55.     At all times relevant to the allegations set forth in this Complaint, Defendants were the "employer" of Plaintiffs and all other similarly situated individuals, as that term is set forth in the FLSA.

56.     The actions set forth above constitute a violation of the FLSA, in that Defendants failed to pay Plaintiffs and all other similarly situated individuals the totality of their legally owed wages and properly post statutory notices.

57.     The actions set forth above constitute a willful violation of the FLSA, as defined by 29 U.S.C. § 255(a).

58.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and all other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

59.    For the foregoing reasons, Plaintiffs and all other similarly situated individuals are entitled to the recovery of liquidated damages, reasonable attorneys' fees, and costs for pursuing their rights set forth in the FLSA.

WHEREFORE, Plaintiffs Robert Gee, Dylan Grubb, Darl Hoffman, and Eric Rittenhouse, individually and on behalf of similarly situated individuals, respectfully request that this Court enter judgment in their favor and against Defendants Port Pizza, LLC d/b/a Domino's Pizza and Sheldon Port, designating this action as a collective action, issuing notice as soon as reasonably possible to all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and awarding Plaintiffs and all other similarly situated individuals back pay, liquidated damages, prejudgment interest, monetary penalties to the furthest extent permitted by law, litigation costs, expenses, and reasonable attorneys' fees, together with any and all other relief that this Court deems just and appropriate.

## COUNT TWO:
## PENNSYLVANIA MINIMUM WAGE ACT

60.    The allegations set forth in paragraphs one through fifty-nine are hereby incorporated by reference as if set forth fully herein.

61.    At all times relevant to the allegations set forth in this Complaint, Defendants were the "employer" of Plaintiffs and all other similarly situated individuals, as that term is set forth in the Minimum Wage Act.

62.    The actions set forth above constitute a violation of the Minimum Wage Act, in that Defendants failed to pay Plaintiffs and all other similarly situated individuals all of their legally owed wages and properly post statutory notices.

63.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and all other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

64.    For the foregoing reasons, Plaintiffs and all other similarly situated individuals are entitled to the recovery of liquidated damages, reasonable attorneys' fees, and costs for pursuing their rights set forth in the Minimum Wage Act.

WHEREFORE, Plaintiffs Robert Gee, Dylan Grubb, Darl Hoffman, and Eric Rittenhouse, individually and on behalf of similarly situated individuals, respectfully request that this Court enter judgment in their favor and against Defendants Port Pizza, LLC d/b/a Domino's Pizza and Sheldon Port, designating this action as a class action, issuing notice as soon as reasonably possible to all similarly situated individuals, and awarding Plaintiffs and all other similarly

situated individuals back pay, liquidated damages, prejudgment interest, monetary penalties to the furthest extent permitted by law, litigation costs, expenses, and reasonable attorneys' fees, together with any and all other relief that this Court deems just and appropriate.

## COUNT THREE:
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

65.   The allegations set forth in paragraphs one through sixty-four are hereby incorporated by reference as if set forth fully herein.

66.   At all times relevant to the allegations set forth in this Complaint, Defendants were the "employer" of Plaintiffs and all other similarly situated individuals, as that term is set forth in the Wage Payment and Collection Law.

67.   The actions set forth above constitute a violation of the Wage Payment and Collection Law, in that Defendants failed to pay Plaintiffs and all other similarly situated individuals all of their legally owed wages.

68.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and all other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

69.   For the foregoing reasons, Plaintiffs and all other similarly situated individuals are entitled to the recovery of liquidated damages, reasonable attorneys' fees, and costs for pursuing their rights set forth in the Wage Payment and Collection Law.

WHEREFORE, Plaintiffs Robert Gee, Dylan Grubb, Darl Hoffman, and Eric Rittenhouse, individually and on behalf of similarly situated individuals, respectfully request that this Court enter judgment in their favor and against Defendants Port Pizza, LLC d/b/a Domino's Pizza and Sheldon Port, designating this action as a class action, issuing notice as soon as reasonably possible to all similarly situated individuals, and awarding Plaintiffs and all other similarly situated individuals back pay, liquidated damages, prejudgment interest, monetary penalties to the furthest extent permitted by law, litigation costs, expenses, and reasonable attorneys' fees, together with any and all other relief that this Court deems just and appropriate.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

*s/ David S. Gaines, Jr.*
David S. Gaines, Jr.
I.D. No. PA308932
John W. Lhota
I.D. No. PA319466
MILLER, KISTLER & CAMPBELL
720 South Atherton Street, Suite 201
State College, PA 16801
(814) 234-1500 TEL
(814) 234-1549 FAX
dgaines@mkclaw.com
jlhota@mkclaw.com
*Counsel for Plaintiffs*

Dated: February 13, 2020

16