## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GEE, DYLAN GRUBB, DARL HOFFMAN, and ERIC RITTENHOUSE, individually and on behalf of all other similarly situated individuals, | No. 4:20-CV-00256 (Judge Brann) |
| Plaintiffs, | |
| v. | |
| PORT PIZZA, LLC d/b/a DOMINO'S PIZZA, and SHELDON PORT, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### MARCH 10, 2021

Before the Court is Plaintiffs' Concurred Motion for an Order Approving Settlement.[1]  For the following reasons, the motion is granted, and the settlement is approved.

## I.    BACKGROUND

On February 13, 2020, Plaintiffs Robert Gee, Dylan Grubb, Darl Hoffman, and Eric Rittenhouse filed a complaint against Defendants Port Pizza, LCC (doing business as Domino's Pizza) and Sheldon Port.   Plaintiffs alleged violations of the Fair Labor Standards Act and sought unpaid wages based on several theories.

---

[1]    Doc. 21.

Plaintiffs worked in various positions for Defendants, including delivering food and assisting customers in-store.  Defendants filed an answer to the complaint, and in July 2020, the case mediator reported that the action was resolved.  Plaintiffs filed the instant motion seeking Court approval of the settlement agreement on February 26, 2021, which provides for settlement in the amount of $48,500, inclusive of attorneys' fees and costs. [2]

## II.    DISCUSSION

### A.    The FLSA Standard

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours.[3] Congress recognized that "due to unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce."[4] The provisions of the statute are mandatory and not subject to negotiation and bargaining between

---

[2]   *Id. at 6.* In May and June 2020, four individuals filed notices with the Court, pursuant to 29 U.S.C. § 216, consenting to become party plaintiffs to this action.  The parties intend those individuals to be bound by the settlement agreement, in addition to the four named plaintiffs identified by the case caption.  Accordingly, unless otherwise specified, when the Court refers to the "Plaintiffs," it refers to all of the individuals represented by Plaintiffs' counsel and to be bound by the settlement agreement with Defendants.

[3]   *Barrentine v. Arkansas-Best Freight System*, 450 U.S 728, 739 (1981); 29 U.S.C. § 202(a).

[4]   *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945).

employers and employees because allowing waiver by employees or releases of employers would nullify the purposes of the act.[5]

Although the United States Court of Appeals for the Third Circuit has not directly addressed the issue, its district courts have taken the position stated by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States Dept. of Labor* that court approval is required for proposed settlements in a FLSA lawsuit brought under 29 U.S.C. § 216(b).[6]  Accordingly, this Court should scrutinize the proposed settlement of the parties and determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[7]  Court review of a proposed settlement agreement proceeds in two stages: first, the court assesses whether the parties' agreement is fair and reasonable to the plaintiff employee; second, it determines whether the settlement furthers or "impermissibly frustrates" implementation of the FLSA in the workplace.[8]

Having reviewed the Settlement Agreement reached by parties, I find that it is both a fair and reasonable resolution of a bona fide dispute over FLSA

---

[5]   *See Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982); *O'Neil*, 324 U.S. at 707; *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

[6]   *See, e.g., Cuttic v. Crozer-Chester Med. Ctr.*, 868 F.Supp.2d 464 (E.D. Pa. 2012) (Robreno, J.); *Berger v. Bell-Mark Technologies Corp.*, 2019 WL 1922325 (M.D. Pa. 2019) (Conner, J.); *Morales v. PepsiCo, Inc.*, 2012 WL 870752 (D. N.J. Mar. 14, 2012) (Thompson, J.).

[7]   *See Lynn's Food Stores*, 679 F.2d at 1354; *Altenbach v. Lube Center, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (Kane, J.).

[8]   *Altenbach*, 2013 WL 74251, at *1.

provisions and does not impermissibly frustrate implementation of the FLSA in the workplace. My reasoning is as follows.

### B. The Settlement Agreement is a Fair and Reasonable Settlement of a Bona Fide Dispute.

As threshold matter, I must first address whether the proposed settlement resolves a bona fide factual dispute, or one in which "there is some doubt as to whether the plaintiff would succeed on the merits at trial."[9]  Having reviewed the submissions from the parties in this matter, I am satisfied that this action meets that threshold.  The parties dispute whether: (1) Defendants imposed an unlawful tip pool; (2) Defendants failed to pay minimum wage by not accounting for mileage and wear and tear on Plaintiffs' vehicles; and (3) Defendants failed to conspicuously post the relevant FLSA provisions as required.[10]  The parties also dispute whether class certification would be appropriate, whether any money was actually removed from the tip jar at issue, and whether Plaintiffs would be entitled to additional payment above the minimum wage.[11]

Having found the existence of a bona fide dispute, the Court must next examine whether the settlement agreement represents a "fair and reasonable resolution" of that dispute. To make that determination, district courts have considered the factors outlined in *Girsh v. Jepson*,[12] concerning the fairness of a

---

[9]   *Berger*, 2019 WL 1922325 at *3 (citing, *inter alia*, *Lynn's Food Stores*, 679 F.2d at 1354).
[10]  *See* Doc. 21.
[11]  *Id.* at 4.
[12]  521 F.2d 153, 157 (3d Cir. 1975).

proposed class action settlement. In *Girsh*, the Third Circuit set out the following

nine factors:

> (1) the complexity, expense and likely duration of the litigation; (2)
> the reaction of the class to the settlement; (3) the stage of the
> proceedings and the amount of discovery completed; (4) the risks of
> establishing liability; (5) the risks of establishing damages; (6) the
> risks of maintaining the class action through the trial; (7) the ability of
> the defendants to withstand a greater judgment; (8) the range of
> reasonableness of the settlement fund in light of the best possible
> recovery; and (9) the range of reasonableness of the settlement fund to
> a possible recovery in light of all the attendant risks of litigation.[13]

Not all factors are helpful or relevant in every case.[14]  After considering the

relevant factors, I conclude that the settlement agreement reached between the

parties is both fair and reasonable.  First, the parties represent that, should the case

not settle, continued litigation would be costly, requiring multiple depositions,

motions, and discovery.[15]  This process would likely be further complicated by the

ongoing coronavirus pandemic.  Second, while there is no class as of yet, the

individual Plaintiffs appear to have assented to the terms of the agreement,

indicated by Plaintiffs' counsel filing the instant motion.

Third, the parties have conducted preliminary discovery, and have been able

to make an informed assessment of the merits of the action.[16]  Fourth, the parties

---

[13]  *Girsh*, 521 F.2d at 157–58.

[14]  *See, e.g., Howard v. Phila. Hous. Auth.*, 197 F.Supp.3d 773, 777 n.1 (E.D. Pa. 2016) (noting that some of the *Girsh* factors "appear to be little help, if not irrelevant, in the single-plaintiff context"); *see also Berger*, 2019 WL 1922325 at *4.

[15]  Doc. 21 at 11.

[16]  *Id*. at 12.

agree that there are risks to continuing litigation, as Plaintiffs may struggle to establish both liability and damages.[17]  Finally, I find that the eighth and ninth factors – the range of both the reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation – weigh in favor of settlement approval. The parties specifically aver that the settlement compensates Plaintiffs for all of their alleged losses.[18]  While Defendants could admittedly withstand a greater judgment (in light of insurance),[19] the parties and the Court agree that the other factors at play support a finding that the settlement is fair and reasonable.

### C.    The Settlement Agreement Does Not Impermissibly Frustrate the Implementation of the FLSA.

Courts are commonly concerned when there are overbroad releases or retaliation provisions.  Generally, district courts reviewing FLSA settlements require parties to narrow the scope of a release to include only claims related to the litigation.  In other words, a release that waives claims wholly disconnected to the instant litigation would be inappropriate.[20]  In this action, the release waives only claims stemming from the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.  This is a narrow release that does not frustrate the purposes of the FLSA.

---

[17]  *Id.*
[18]  *Id.* at 14.
[19]  *Id.* at 13.
[20]  *See, e.g.*, *Bettger v. Crossmark, Inc.*, 2015 WL 279754 at *8-9 (M.D. Pa. Jan. 22, 2015).

Retaliation provisions allow defendants to recover some or all of the settlement amount (or provide another remedy) for violations of the settlement agreement, normally in connection with a confidentiality clause.[21]  Court frown upon such provisions.  The settlement in this case contains no retaliation provision. There is no risk of the Plaintiffs losing the settlement as the result of violating the agreement.  Accordingly, the proposed settlement does not frustrate the purposes of the FLSA and may be approved.

### D.    Attorney's Fees

Finally, the Court considers the request for attorney's fees and costs totaling $14,170.[22]  In FLSA actions, the Court "shall, in addition to any judgment awarded to the plaintiff ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[23]  Courts within this Circuit generally use the percentage-of-recovery method, and consider the following factors:

> (1) the size of the fund created and the number of persons benefitted;
> (2) the presence or absence of substantial objections by members of
> the class to the settlement terms and/or fees requested by counsel; (3)
> the skill and efficiency of the attorneys involved; (4) the complexity
> and duration of the litigation; (5) the risk of nonpayment; (6) the
> amount of time devoted to the case by plaintiffs' counsel; and (7) the
> awards in similar cases.[24]

---

[21]  *DiFlavis v. Choice Hotels International, Inc.*, 2020 WL 6728806 at * 7 (E.D. Pa. Nov. 16, 2020).

[22]  Doc. 21 at 6.

[23]  29 U.S.C. § 216(b).

[24]  *Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 533 (E.D. Pa. Jan. 11, 2016).

The award of fees is within this Court's discretion, and I must consider the application for fees carefully.  Again, not every factor is relevant in each case, particularly here where no class has been certified; accordingly, only a small number of individuals are relevant to the action and there is no objection from the non-existent class members.  The parties have conducted themselves professionally and brought an efficient end to this litigation, which began more than one year ago.  Plaintiffs' counsel have devoted approximately 50 hours to the action.  Plaintiffs' counsel seek slightly less than 30% percent of the recovery.  I find that this award is reasonable given the facts of this case and the above factors, as well as awards granted in other cases.[25]

Cross-checking this decision using a lodestar method, the Court is satisfied that the attorney's fees are appropriate.  Using the amount in proposed fees and the number of hours worked, the hourly rate is $278.  This Court has approved settlement agreements seeking much higher hourly rates.[26]  Therefore, it appears that the relevant factors weigh in favor of approving the motion for fees and costs as detailed.

---

[25] *See, e.g.*, *Kraus*, 155 F.Supp.3d at 534 ("[C]ourts have approved attorneys' fees in FLSA [collective and class action] settlement agreements 'from roughly 20-45%' of the settlement fund.").

[26] *See, e.g.*, *Acevedo v. Brightview Landscapes, LLC*, 2017 WL 4354809 at *19-20 (M.D. Pa. Oct. 2, 2017).

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Concurred Motion for an Order Approving Settlement

(Doc. 19) is **GRANTED**.

2.      The Clerk is directed to close the case file.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge